IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**UNITED STATES OF AMERICA,**

v.                                                          **CRIMINAL NO. 2:20cr9**

**NIKIA TULL,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on defendant Nikia Tull's ("Defendant") Motion to Dismiss ("Motion to Dismiss" or "Motion") and Memorandum of Law in Support of the same ("Memorandum in Support"). ECF Nos. 37, 38. In such Motion, Defendant requests that the Court dismiss Counts 35-39 and the related forfeiture provision of her pending superseding indictment.[1] The Motion to Dismiss was fully briefed and following oral argument of counsel, the Court **DENIED** Defendant's Motion to Dismiss from the bench. This opinion memorializes the Court's reason for this decision.

### I.    PROCEDURAL & FACTUAL BACKGROUND

On May 29, 2020, Defendant was named in a forty-count superseding indictment, charging her with: thirty-four counts of Aiding and Assisting in Preparation of False Tax Returns, in violation of Title 26 U.S.C. § 7206(2) (Counts 1–34); five counts of Wire Fraud, in violation of Title 18 U.S.C. §§ 1343 and 2 (Counts 35–39); and one count of Bank Fraud, in violation of Title

---

[1] The Defendant also reserved the right to dismiss Count 40 "in the event the Government fails to do so." ECF No. 38 at 2. However, as discussed below, the Government did move to dismiss Count 40 of the superseding indictment on October 26, 2020. See ECF No. 41.

18 U.S.C. §§ 1344(2) and 2 (Count 40). ECF No. 18. The superseding indictment also contains a forfeiture count pertaining to the wire fraud (Counts 35-39) and bank fraud (Count 40) counts. Id. at 15. On June 4, 2020, Defendant appeared before The Honorable United States Magistrate Judge Douglas E. Miller, waived formal arraignment, and pled not guilty to the superseding indictment. ECF No. 25. Judge Miller also continued Defendant's previous bond, set a preliminary motions deadline of July 8, 2020, and set her jury trial for November 3, 2020 at 10:00 a.m. in Norfolk. Id.

On July 1, 2020, Defendant filed a motion to sever Counts 1–34 from Counts 35–40 of the pending superseding indictment ("Motion to Sever"). ECF Nos. 26, 27. On July 15, 2020, the Government filed a response to Defendant's Motion to Sever, ECF No. 28, to which Defendant filed a reply on July 21, 2020, ECF No. 29. On August 7, 2020, by written Order, the Court denied Defendant's Motion to Sever.[2] ECF No. 30. On September 28, 2020 and October 1, 2020, the Court held status conferences via Zoom concerning Defendant's pending trial date of November 3, 2020. ECF Nos. 32, 33.

On October 21, 2020, Defendant filed a pretrial motion in limine and a memorandum in support ("Motion in Limine"). ECF Nos. 35, 36. That same day, Defendant filed the instant Motion to Dismiss and Memorandum in Support. ECF Nos. 37, 38. On October 22, 2020, the Court ordered the Government to file a response to Defendant's Motion to Dismiss and Motion in Limine. ECF No. 39. On October 23, 2020, the parties offered a joint Trial Stipulation, stipulating to the authenticity of regularly kept business records under the Federal Rules of Evidence ("FRE") 902(11) and as to the Records of Regularly Conducted Activity exception to hearsay rules under FRE 803(6). ECF No. 40. The parties further stipulated to the authenticity of various public records pursuant to FRE 902(1), 902(2), and 902(4) and the admissibility of such records as

---

[2] Defendant's Motion to Sever also included a request for leave to file additional motions as they become appropriate, which the Court denied. ECF No. 30 at 10.

2

exceptions to hearsay under FRE 803(8) along with various additional factual stipulations should the Court allow the wire fraud counts to go forward when ruling on Defendant's Motion in Limine. Id. On October 26, 2020, pursuant to Federal Rules of Criminal Procedure, the Government filed a dismissal of Counts 22 and 40 of the superseding indictment. ECF No 41. That same day, the Government filed its response in opposition to Defendant's Motion to Dismiss ("Response"). ECF No. 42. On October 27, 2020, Government filed its response in opposition to Defendant's Motion in Limine. ECF No. 49. That same day, the Court granted the Government's dismissal of Counts 22 and 40 of the superseding indictment. ECF No. 48.

On November 3, 2020, the first day of Defendant's jury trial, the Court heard oral argument on Defendant's Motion to Dismiss. ECF No. 55. For the reasons that follow, the Court denied Defendant's Motion to Dismiss.

## II. APPLICABLE LAW

Defendant moves to dismiss Counts 35-39 of the superseding indictment pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure ("Rule 12(b)(3)"). Specifically, Defendant moves to dismiss Counts 35-39 for failure to state an offense pursuant to Rule 12(b)(3)(B),[3] which provides:

> Motions That Must Be Made Before Trial. The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits . . . (B) a defect in the indictment or information, including:
>
> (i) joining two or more offenses in the same count (duplicity);
>
> (ii) charging the same offense in more than one count (multiplicity);
>
> (iii) lack of specificity;

---

[3] Defendant's Motion to Dismiss seems to incorrectly reference Federal Rule of Criminal Procedure 12(b)(3)(B)(iv), which deals with improper joinder. The appropriate subsection of Rule 12(b)(3) is 12(b)(3)(B)(v), which deals with failure to state an offense.

3

(iv) improper joinder; and

(v) failure to state an offense[.]

Fed. R. Crim. P. 12(b)(3)(B).

"To overcome such a motion, the indictment must include every essential element of the offense." United States v. Doyle, No. 2:18CR177, 2019 WL 3225705, at *2 (E.D. Va. July 17, 2019) (citing United States v. Perry, 757 F.3d 166, 171 (4th Cir. 2014)). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the [offense] intended to be punished.'" Perry, 757 F.3d at 171 (citation omitted). "Furthermore, if the indictment meets this standard, it is valid on its face and the court may not review the sufficiency of evidence supporting the indictment because a valid indictment returned by a legally constituted and unbiased grand jury is enough to call for trial of the charges on the merits." Doyle, No. 2:18CR177, 2019 WL 3225705, at *2 (quoting United States v. Wills, 346 F.3d 476, 488–89 (4th Cir. 2003)).

### III.    DEFENDANT'S MOTION TO DISMISS

As discussed above, Counts 35-39 of the superseding indictment charge Defendant with wire fraud, in violation of Title 18 U.S.C. §§ 1343 and 2. ECF No. 18. Specifically, Counts 35-39 allege that between on or about August 22, 2019 and on or about September 9, 2019, Defendant devised a fraudulent scheme to wrongfully obtain small business loans for YT Phoenix Enterprises from FORA Financial by submitting materially false and fraudulent bank statements in support of her applications for such loans. Id. at 11. Defendant submitted false and fraudulent bank account statements containing fraudulently inflated deposit amounts, purportedly from YT Phoenix Enterprises' small business checking account, in order to make it appear that the company generated more income than it actually did and to attempt to deceive FORA Financial into lending

money to the company. Id. at 11–13. Defendant used the Internet to transmit the applications to FORA Financial from an Internet Protocol (IP) address registered to Phoenix Financial Tax Service and Defendant's business address, which was located in Chesapeake, Virginia. Id. at 11. Additionally, as part of the fraudulent loan application scheme, Defendant submitted a fraudulent and fictitious copy of a Form 1120 U.S. Corporation Income Tax Return for YT Phoenix Enterprises d/b/a Phoenix Financial Tax Service for the tax year 2018, when in fact, Defendant never filed such a tax return on behalf of the company. Id. at 12–13.

In her Motion to Dismiss, Defendant argues that Counts 35-39 of the superseding indictment are defective and must be dismissed because they "do not state an offense [as] they . . . fail to allege all of the elements of the offense of wire fraud[.]" ECF No. 38 at 4–6. Defendant contends that there are five elements of wire fraud under 18 U.S.C. § 1343 and that the pending superseding indictment fails to satisfy the fifth element of the offense. Id. at 5. Such elements include: (1) the defendant devised or intended to devise a scheme to defraud; (2) the defendant possessed the intent to defraud; (3) the falsehood involved was material; (4) the defendant used a wire communication in furtherance of the scheme; and (5) if a financial institution was the alleged victim of the fraud, that the fraud scheme affected a financial institution as defined by 18 U.S.C. § 20. Id. at 5 (citing United States v. Raza, 876 F.3d 604, 614 (4th Cir. 2017)). Defendant argues that Counts 35-39 fail to satisfy the fifth element because Counts 35-39 do not allege that FORA Financial, the alleged target of Defendant's fraudulent scheme, "is a federally insured or federally licensed 'financial institution' pursuant to the statutory definition set forth [in 18 U.S.C. § 20]."[4]

---

[4] 18 U.S.C. § 20 defines a financial institution to mean:

> (1) an insured depository institution (as defined in section 3(c)(2) of the Federal Deposit Insurance Act);
> (2) a credit union with accounts insured by the National Credit Union Share Insurance Fund;
> (3) a Federal home loan bank or a member, as defined in section 2 of the Federal Home Loan Bank Act (12 U.S.C. 1422), of the Federal home loan bank system;

5

Id. at 6–7. In fact, Defendant argues "[t]here is no indication on FORA Financial's website, nor in the [s]uperseding [i]ndictment, that FORA Financial is a federally insured or federally licensed 'financial institution' pursuant to the statutory definitions." Id. Therefore, Defendant contends that the superseding indictment fails to allege all of the required elements of the offense of wire fraud and Counts 35-39 are constitutionally defective and must be dismissed for failure to state an offense. Id. at 7. Defendant further alleges that the following forfeiture provision must be dismissed as it relates only to Counts 35-40 of the superseding indictment:

> The defendant, NIKIA TULL, if convicted of one or more of the violations alleged in Counts Thirty-Five through Forty, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the violation.

ECF No. 18 at 15.

The Government argues in its Response that Defendant's Motion must be denied because it fails to recognize that the wire fraud statute, 18 U.S.C. § 1343, has two separate and distinct offenses—first, general wire fraud and second, wire fraud affecting a financial institution. ECF No. 42 at 4. The Government asserts that general wire fraud—which Defendant is being charged with—has maximum penalty of twenty (20) years of incarceration, and "consists of two elements, first that a defendant devised or intended to devise a scheme to defraud by means of materially

---

(4) a System institution of the Farm Credit System, as defined in section 5.35(3) of the Farm Credit Act of 1971;
(5) a small business investment company, as defined in section 103 of the Small Business Investment Act of 1958 (15 U.S.C. 662);
(6) a depository institution holding company (as defined in section 3(w)(1) of the Federal Deposit Insurance Act;
(7) a Federal Reserve bank or a member bank of the Federal Reserve System;
(8) an organization operating under section 25 or section 25(a) of the Federal Reserve Act;
(9) a branch or agency of a foreign bank (as such terms are defined in paragraphs (1) and (3) of section 1(b) of the International Banking Act of 1978); or
(10) a mortgage lending business (as defined in section 27 of this title) or any person or entity that makes in whole or in part a federally related mortgage loan as defined in section 3 of the Real Estate Settlement Procedures Act of 1974.

false and fraudulent pretenses, and second, that a defendant used or caused the use of wire communications in furtherance of that scheme." Id. And that wire fraud affecting a financial institution, has a maximum penalty of thirty (30) years of incarceration, and consists of the same two elements plus an additional element that the fraud scheme affected a financial institution. Id. The Government argues that because 18 U.S.C. § 1343 provides an enhanced punishment for wire fraud affecting a financial institution, which includes the aggravating circumstance of a fraud scheme targeted at a financial institution, that there are two separate and distinct offenses. The Government relies on precedent which states that "[b]oth the Supreme Court and [the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit")] have concluded that a statutory aggravating circumstance constitutes an offense element for purposes of conviction and sentence." United States v. Ubakanma, 215 F.3d 421, 426 (4th Cir. 2000) (citing Jones v. United States, 526 U.S. 227, 251 (1999)); ECF No. 42 at 3–4.

In short, the Government argues that it chose only to charge Defendant with general wire fraud and the superseding indictment reflects such a decision. ECF No. 42 at 5. In fact, the Government notes that the superseding indictment is clear and only outlines the necessary two elements of general wire fraud and "[n]owhere has the [G]overnment alleged that the wire fraud at issue in this case affects a financial institution." Id. at 5. Moreover, the Government admits that it "made its charging decision [of general wire fraud] on the basis that FORA Financial does not meet the definition of a financial institution pursuant to the Federal code... The [G]overnment did not make charging decisions for any impermissible reasons and the defendant does not allege so." Id. Therefore, Counts 35-39 allege sufficient charges of general wire fraud.

Before the Court turns to the merits of Defendant's Motion to Dismiss, the Court notes that Defendant's Motion was untimely. In fact, Defendant filed this Motion three months after the motions cutoff deadline of July 8, 2020, and after the Court denied Defendant's subsequent request

7

for leave to file additional motions as they become appropriate. See ECF Nos. 25, 30. However, the Government, in its Response, does not argue that Defendant's Motion should be dismissed as untimely. Because the Government did not raise this issue, the Court will proceed to address the merits of Defendant's Motion.

The Court agrees with the Government that 18 U.S.C. § 1343 has two separate and distinct offenses, because precedent is clear that "a statutory aggravating circumstance constitutes an offense element for purposes of conviction and sentence." Ubakanma, 215 F.3d at 426. In fact, the courts have held that "when a statute defines two versions of an offense, one of which includes an additional aggravating element that increases the maximum statutory penalty, the aggravated offense constitutes an offense distinct from the non-aggravated offense." United States v. Fabian, 798 F. Supp. 2d 647, 674 (D. Md. 2011). "This distinction applies to whether the aggravated offense was charged in an indictment, because every element of an offense 'must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt.'" Id. (quoting Jones v. United States, 526 U.S. 227, 232 (1999)). Thus, the Court finds that the wire fraud statute defines two distinct offenses: general wire fraud, punishable by a maximum twenty (20) years of imprisonment, and wire fraud that affects a financial institution, punishable by a maximum thirty (30) years of imprisonment. 18 U.S.C. § 1343.

Here, Defendant argues that Counts 35-39 of the superseding indictment defectively charge her with wire fraud affecting a financial institution. However, the Court finds that Defendant is mistaken and that the superseding indictment is clear in that Defendant is charged with general wire fraud. Specifically, the Court finds that Counts 35-39 the superseding indictment are expressly labeled as wire fraud and that there is no mention of Defendant's scheme impacting a financial institution as defined in 18 U.S.C. § 20. Rather, the superseding indictment only alleges the two essential elements required for general wire fraud—(1) that a defendant devised or

8

intended to devise a scheme to defraud by means of materially false and fraudulent pretenses; and (2) that a defendant used or caused the use of wire communications in furtherance of that scheme.[5] In fact, the superseding indictment expressly states:

> On or about the dates set forth below, in the Eastern District of Virginia and elsewhere, for the purpose of executing the above-described scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, TULL knowingly transmitted and caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, signals, pictures, and sounds, as follows:

| Count | Date | Interstate Wire Transmission |
|---|---|---|
| 35 | Sept. 4, 2019 | Email from TULL to FORA Financial attaching false and fraudulent bank statements purportedly from YT Phoenix Enterprises' Atlantic Union Bank small business checking account ending in 5901 for the months of May 2019, June 2019, and July 2019. |
| 36 | Sept. 4, 2019 | Internet-based submission of $50,000 small business loan application by TULL to FORA Financial |
| 37 | Sept. 4, 2019 | Email from TULL to FORA Financial attaching false and fraudulent bank statement purportedly from YT Phoenix Enterprises' Atlantic Union Bank small business checking account ending in 5901 for the month of August 2019. |
| 38 | Sept. 5, 2019 | Internet-based submission of $20,000 joint small business loan application by TULL and Individual #1 to FORA Financial. |
| 39 | Sept. 5, 2019 | Internet-based submission of false and fraudulent bank statements purportedly from YT Phoenix Enterprises' Atlantic Union Bank small business checking account ending in 5901 for the months of June 2019, July 2019, and August 2019, by TULL to FORA Financial. |

---

[5] Because the Government did not charge Defendant with wire fraud affecting a financial institution, it was not required to prove a third element, that FORA Financial is a financial institution. In any event, the Government admits that FORA financial is not a financial institution. ECF No. 42 at 6 ("A review of the SBIC list demonstrates that FORA Financial is not a SBIC. See [ECF No. 42-1,]Gov't's Ex. 1. As such, FORA Financial does not meet the definition of a financial institution under 18 U.S.C. § 20") (citation in original).

ECF No. 18 at 13.

Moreover, there is no indication in Counts 35-39 of the superseding indictment that the Government sought to allege that FORA Financial was a financial institution. As a result, the Court finds that the superseding indictment only seeks to charge Defendant with general wire fraud in Counts 35-39. Accordingly, Defendant's Motion to Dismiss is denied. ECF No. 37.

## IV. CONCLUSION

For the reasons outlined above, Defendant's Motion to Dismiss is **DENIED**. Id.

Defendant is **ADVISED** that she may appeal from this final Order by submitting a written notice of appeal to the Clerk of the United States District Court, United States Courthouse at 600 Granby Street, Norfolk, Virginia 23510. Such written notice must be received by the Clerk within fourteen (14) days from the date of this Order.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED**.

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
November 9, 2020