IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**UNITED STATES OF AMERICA,**

v.                                                    **CRIMINAL NO. 2:20cr9**

**NIKIA TULL,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Nikia Tull's ("Defendant") Motion in Limine ("Motion in Limine" or "Motion") and Memorandum of Law in Support. ECF Nos. 35, 36. In such Motion, Defendant seeks to exclude evidence of Defendant's prior criminal history at trial pursuant to Federal Rule of Evidence 404(b). The Motion in Limine was fully briefed and following oral argument of counsel, the Court **DENIED** Defendant's Motion in Limine from the bench. This opinion memorializes the Court's reason for this decision.

### I.     PROCEDURAL HISTORY

On January 23, 2020, Defendant was named in a thirty-four-count criminal indictment, charging Defendant with thirty-four counts of Aiding and Assisting in Preparation of False Tax Returns in violation of 26 U.S.C. § 7206(2). ECF No. 3. On January 24, 2020, Magistrate Judge Lawrence R. Leonard ordered an Arrest Warrant of Defendant. ECF No. 6. Defendant was arrested on January 24, 2020. ECF No. 7.

Defendant had her initial appearance on January 24, 2020, at which the Court set Defendant's unsecured bond at ten-thousand dollars ($10,000). ECF No. 8. Defendant posted

bond. ECF No. 10. Defendant retained attorney Patrick Mullin ("Mr. Mullin") as counsel. Id. On February 24, 2020, Defendant filed a Motion to Compel ("Motion to Compel"), ECF No. 14, with an accompany memorandum, ECF No. 15, on February 25, 2020, moving for: (1) "Disclosure of All Exculpatory, Impeachment, and Mitigation Evidence"; (2) "Disclosure of the Full Names of the Individuals Named by Initial in the Indictment and, alternatively, to Dismiss the Indictment for Lack of Specificity"; and (3) "Request Leave to File Additional Motions as They Become Appropriate." The Government opposed Defendant's Motion to Compel. ECF No. 16. On May 29, 2020, Magistrate Judge Robert J. Krask granted Defendant's Motion to Compel in part and denied in part. ECF No. 17 at 8–9.[1]

On May 29, 2020, Defendant was named in a forty-count superseding criminal indictment, charging her with Aiding and Assisting in Preparation of False Tax Returns, in violation of 26 U.S.C. § 7206(2) (Counts One through Thirty-Four); Wire Fraud, in violation of 18 U.S.C. §§ 1343, 2 (Counts Thirty-Five through Thirty-Nine); and Bank Fraud, in violation of 18 U.S.C. §§ 981, 982 (Count Forty). ECF No. 18. Magistrate Judge Douglas E. Miller issued an Order to modify Defendant's bond conditions on June 4, 2020 to prohibit travel outside of the Eastern District of Virginia excepting to travel to and from the New York - New Jersey metropolitan area to meet with counsel. ECF No. 23. On June 4, 2020, Defendant plead not guilty to all counts of the superseding indictment and requested a jury trial. ECF No. 25. The Court set the matter for trial on Tuesday, November 3, 2020.

On July 1, 2020, Defendant filed a Motion for Separate Trial on Counts One through Thirty-

---

[1] The Court only granted Defendant's Motion to Compel insofar as to note:

"all finalized transcripts, summary charts, and other documentary evidence which [the United States] intends to use at trial" 30 days before trial is GRANTED in part, such that notice of any intent to use summaries, any Rule 1006 summaries, and the records forming the basis thereof, must be disclosed by the United States not later than seven calendar days before trial.

ECF No. 17 at 8.

Four and Counts Thirty-Five to Forty ("Motion to Sever"). ECF No. 26. The Government opposed the Motion to Sever. ECF No. 28. On August 7, 2020, the Court denied Defendant's Motion to Sever. ECF No. 30. On October 21, 2020, Defendant filed her Motion in Limine, ECF No. 35, and Memorandum in Support of Defendant's Motion in Limine, ECF No. 36. On October 22, 2020, the Court ordered the Government to respond to Defendant's Motion in Limine within five (5) days of the date of the Court's order. ECF No. 39. On October 27, 2020, the Government filed its Memorandum in Opposition to Defendant's Motion in Limine and Notice of Intent to Introduce Rule 404(b) Evidence. ECF No. 49. On November 3, 2020, the Court took up Defendant's Motion in Limine from the bench prior to trial ("November 3 Ruling"), denying Defendant's Motion orally from the bench, with the instant opinion memorializing those reasons in writing.

## II. APPLICABLE LAW

In her Motion in Limine, Defendant seeks to exclude evidence of her two prior convictions[2] pursuant to Federal Rules of Evidence Rule 404(b). ECF No. 36 at 4. Federal Rule of Evidence 404(b) states,

> ***Prohibited Uses.*** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> ***Permitted Uses; Notice in a Criminal Case.*** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident . . . .

The Fourth Circuit has held that this is a rule of inclusion. See United States v. Sanchez, 118 F.3d 192, 195 (4th Cir. 1997). As such, to be admissible under Rule 404(b), prior-act evidence must conform to the following test, as enumerated by the Fourth Circuit in United States v. Queen:

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this

---

[2] The Government seeks to admit evidence of the following two Virginia state court convictions: (1) Embezzlement in the Circuit Court for the City of Hampton; and (2) Forgery and Misdemeanor Use of Identifying Information to Defraud in the Circuit Court of the City of Virginia Beach. ECF No. 36 at 2.

3

      regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

132 F.3d 991, 997 (4th Cir. 1997). In Queen, the Fourth Circuit also noted that "additional protection against the pitfalls [Rule 404(b)] protects against may be provided by (1) a limiting jury instruction, when requested by a party, explaining the purpose for admitting evidence of prior acts, and (2) the requirement in a criminal case of advance notice, when so requested, of the intent to introduce prior act evidence." Id.

      Turning to the first Rule 404(b) factor, "[a] not-guilty plea puts one's intent at issue and thereby makes relevant evidence of similar prior crimes when that evidence proves criminal intent." Sanchez, 118 F.3d at 196. Just because the charged crime includes an intent element, however, "does not throw open the door to any sort of other crimes evidence." United States v. Bailey, 990 F.2d 119, 123 (4th Cir. 1993). Courts must instead conduct a case-by-case analysis to determine whether intent is at issue in a manner that allows Rule 404(b) evidence. United States v. Hernandez, 975 F.2d 1035, 1040 (4th Cir. 1992).

      As such, evidence is relevant "if it has any tendency to make the existence of any determinative fact more probable than it would be absent the evidence." United States v. Van Metre, 150 F.3d 339, 349 (4th Cir. 1998). When determining relevance, courts must also examine how closely the prior acts relate to the charged conduct. United States v. McBride, 676 F.3d 385, 397 (4th Cir. 2012). While the past conduct "need not be identical" to the crime charged, United States v. McLaurin, 764 F.3d 372, 382 (4th Cir. 2014), the mere fact that a defendant may have been involved in prior criminal activity does not itself provide "a sufficient nexus to the charged conduct" if the prior activity "is not related in time, manner, place, or pattern of conduct." United States v. Johnson, 617 F.3d 286, 297 (4th Cir. 2010).

4

Next, the prior bad acts evidence must be necessary. Evidence is necessary when it is "probative of an essential claim or an element" in a manner not offered by "other evidence available to the government." Queen, 132 F.3d at 997–98. In addition to its relevance and necessity, prior bad acts evidence must be reliable. The evidence must be sufficient to allow the jury to "reasonably conclude that the act[s] occurred and that the defendant was the actor." United States v. Powers, 59 F.3d 1460, 1467 (4th Cir. 1995) (alteration in original) (quoting Huddleston v. United States, 485 U.S. 681, 689 (1988)).

Finally, the fourth prong refers to the balancing test set out in Federal Rule of Evidence 403 and requires 404(b) evidence to be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. All probative evidence may be prejudicial to the defendant in some way, but courts have generally found "Rule 404(b) evidence to be unfairly prejudicial when it inflames the jury or encourages them to draw an inference against the defendant, based solely on a judgment about the defendant's criminal character or wicked disposition." United States v. Sterling, 860 F.3d 233, 248 (4th Cir. 2017) (internal emphasis added).

### III.   DISCUSSION

As stated above, Defendant's Motion in Limine, seeks to exclude her two prior convictions—felony Embezzlement conviction dated October 6, 2004 in the Circuit Court for the City of Hampton and Defendant's felony Forgery and Misdemeanor Use of Identifying Information to Defraud conviction dated June 21, 2005 in the Circuit Court for the City of Virginia Beach—pursuant to Federal Rules of Evidence Rule 404(b). ECF No. 36 at 2. Defendant argues that abovementioned convictions should be excluded because the evidence does not "meet the requirements for admission established by Rule 404(b) and the Fourth Circuit." Id. at 4. Defendant argues that both convictions took place over ten years ago and lack both temporal and factual similarity to the conduct at issue. Id. (citing United States v. Hall, 858 F.3d 254, 273–74 (4th Cir.

5

2017)). The abovementioned state court convictions above involved unauthorized use of genuine information and have no bearing on Defendant's mental state or other element in this matter. Id. Therefore, Defendant argues, the probative value provided by evidence of such convictions is minimal and substantially outweighed by the confusion and unfair prejudice introduction of the convictions would create. Id. Based on these arguments, Defendant requests that the Court exclude said evidence.

In response, the Government asserts two arguments. First, that such evidence is intrinsic to the instant offenses charged. ECF No. 49 at 4. Second, alternatively, the Government argues that the Court should still admit the evidence under FRE 404(b). Id. at 7.

Arguing in favor of admission, the Government first contends that such evidence is intrinsic to the instant offenses charged in and is therefore not subject to exclusion pursuant to Rule 404(b). Id. at 6. To such end, the Government argues that the instances in question are necessary to "a full presentation of the government's case." Id. at 7. The Government argues that Defendant's prior bad acts and criminal convictions are "res gestae evidence that furnishes part of the context of the crime." Id. Because Defendant did not disclose the instant felony convictions to the Internal Revenue Service ("IRS"), the Government argues that Defendant's prior convictions show that she obtained her Preparer Tax Identification Number ("PTIN") from the IRS fraudulently—meaning her business in the instant offense was fraudulent from the start. Id. at 4, 7. Under the Government's argument, the evidence of Defendant's criminal convictions is needed by the jury to get the "complete" story of Defendant's fraudulent acts in the instant offenses charged. Id. at 7. For the reasons that follow, the Court disagrees.

The Fourth Circuit has drawn a distinction between "extrinsic" and "intrinsic" acts. "[C]riminal acts are intrinsic when they are [1] inextricably intertwined or [2] both acts are part of a single criminal episode or [3] the other acts were necessary preliminaries to the crime charged."

6

United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996). Acts that are intrinsic to the charged offense do not fall under the limitations of Rule 404(b). See id. at 87. Even if the evidence is intrinsic, it must still satisfy Rule 403. United States v. Basham, 561 F.3d 302, 326 (4th Cir. 2009).

Here, Defendant's prior convictions are not intrinsic to the charged offenses. In the instant case, Defendant is charged with aiding in the preparation of false tax returns of thirty-three (33) individuals falsely claiming various write-offs on each return and wire fraud for the submission of false bank and tax documents to obtain a small business loan. See ECF No. 18 at 3–12.

Evidence of Defendant providing false information to the bail bondsman to secure bond for her brother and evidence of past embezzlement in an unrelated business simply are not "inextricably intertwined" with the act of allegedly falsifying tax returns or committing wire fraud to obtain a loan in an unrelated matter. Defendant's alleged criminal acts stand apart without evidence of her prior convictions. For instance, forging a name on a document is not connected with the act of falsifying tax returns or bank statements to obtain a loan nearly ten (10) years later. Similarly, Defendant's convictions are not part of the single criminal episode at issue in this case such that a jury would have to know about the prior convictions to understand Defendant's conduct in the instant offenses charged. Whether Defendant wrongfully and fraudulently embezzled the property entrusted to her in 2004 played no role in her alleged fraudulent filing of tax returns or wire fraud.

Neither are the acts in question "necessary preliminaries to the crime charged." Id. at 88; compare with United States v. Otuya, 720 F.3d 183, 188 (4th Cir. 2013) (holding evidence of the defendant's backpack that was involved in a different version of the fraudulent scheme prosecuted could be admitted in the prosecution of that separate scheme to defraud the Bank of America with stolen checks because it was all part of the same "criminal episode" (citing Chin, 83 F.3d at 88)). Although the Government contends that the evidence is necessary to "complete" the story of the

crime charged, the Court is wary of extending the definition of "intrinsic" acts to cover the incidents in question. United States v. Bowie, 232 F.3d 923, 928 (D.C. Cir. 2000) ("'the complete the story' definition . . . threatens to override Rule 404(b)"); United States v. Hardy, 228 F.3d 745, 750 (6th Cir. 2000) (allowing general exception for "background circumstances" would allow exception that swallows the rule). "[A]ll relevant prosecution evidence explains the crime or completes the story. The fact that omitting some evidence would render a story slightly less complete cannot justify circumventing Rule 404(b) altogether." Bowie, 232 F.3d at 929. In sum, the Court holds that evidence of Defendant's prior convictions are extrinsic to the charged offenses, and the Court will review their admissibility under the rubric of Rule 404(b).

The Government's second argument towards the admissibility of such evidence is that such evidence satisfies the factors under Rule 404(b). ECF No. 49 at 7. The Government argues that Defendant's prior convictions are "relevant and necessary to establish her motive, intent, knowledge, identity, and absence of mistake or accident" in the instant case. Id. at 8. The Court agrees with the Government.

Evidence of Defendant's prior convictions for Embezzlement, Fraud, and Misdemeanor Use of Identifying Information is relevant, necessary, reliable, and probative of the instant alleged offense under the Rule 404(b) standard set by Queen. 132 F.3d at 997. Defendant cites to Hall, 858 F.3d at 273–74, to stand for the proposition that the placement in time of Defendant's convictions makes them temporally disconnected to Defendant's alleged tax and wire fraud, and therefore unfairly prejudicial. ECF No. 36 at 4. However, in Hall, the Court used the temporal difference between the defendant's past convictions to further emphasize the disconnect with his present charges, only after first explaining how the crimes charged were materially different from past convictions. Hall, 858 F.3d at 272. This case is unlike Hall because in this case, Defendant's past convictions are of the same nature as Defendant's present charges—tax fraud and wire fraud.

8

Fraud, Embezzlement, and Misdemeanor Use of Identifying Information are akin to the crimes charged in the superseding indictment because both involve the Defendant's untruthfulness for personal gain. Compare with Hernandez, 975 F.2d at 1039 (finding the defendant's alleged involvement in a prior crack cocaine conspiracy was irrelevant because there was a lack of factual similarity between that conduct and the charged offense noting that the prior involvement "did not establish anything about her conduct or mental state during the course of the conspiracy alleged in the indictment."). Further, as the Court stated from its November 3 Ruling on the bench, Defendant's prior convictions are probative of Defendant's motive, opportunity, intent, plan, knowledge, identity, absence of mistake, and lack of accident in the present alleged offenses under Rule 404(b). See United States v. Heard, 709 F.3d 413 (5th Cir. 2013) (admitting evidence of the defendant's past bankruptcy fraud as probative of the defendant's intent to defraud the government through tax evasion at the defendant's trial for conspiracy to defraud the government through tax evasion). Embezzlement, Fraud, and Misdemeanor Use of Identifying Information are inherently deceptive crimes, like the instant offenses alleged. Thus, the Court deemed evidence of Defendant's crimes to be admissible in its November 3 Ruling, memorialized in this Order.

## IV.   CONCLUSION

Upon consideration of the foregoing, and for the reasons stated on the record at the November 3, 2020 bench ruling, the Court hereby **DENIES** Defendant's Motion in Limine to exclude evidence. Evidence pertaining to Defendant's prior convictions may be permitted because the factors of Rule 404(b) are satisfied.

The Clerk is **DIRECTED** to forward a copy of this Order to the Defendant and all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
November 10, 2020